IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| J. CANUTE BARNES, W. KING BARNES, and ROBERT V. JONES, derivatively on behalf of all similarly situated shareholders of BARNES BANCORPORATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CURTIS H. HARRIS, NED H. GILES, DAVID N. BARNES, ROBERT L. THURGOOD, JERRY W. STEVENSON, MICHAEL D. PAVICH, GARY M. WRIGHT, DOUGLAS STANGER, and BARNES BANCORPORATION, a nominal defendant,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND<br><br><br><br>Case No. 2:12-CV-1010 TS |

This matter is before the Court on Plaintiffs' Motion to Remand. For the reasons discussed below, the Court will deny Plaintiffs' Motion.

I.  BACKGROUND

Plaintiffs brought this action as a shareholder derivative suit against certain officers and members of the board of directors of Barnes Bancorporation, alleging a breach of fiduciary duty.

1

Nominal Defendant Barnes Bancorporation ("the Company") is a registered bank holding company whose primary asset is its subsidiary, Barnes Banking Company ("the Bank"). The officers and directors of the Company who are named as Defendants are also officers and directors of the Bank.

On January, 15, 2010, the Bank was closed by the Utah Department of Financial Institutions and the Federal Deposit Insurance Corporation was appointed as receiver ("FDIC-Receiver") for the Bank. Plaintiffs originally filed their complaint on January 12, 2012, in Utah state court. On April 3, 2012, the FDIC filed a motion to intervene as a Plaintiff, claiming that: "(a) Plaintiff asserts derivative claims which belong exclusively to FDIC-Receiver; (b) numerous factual and legal determinations that must be made in this case are potentially binding in any ensuing case filed by FDIC-Receiver against Defendants; and (c) this case imperils the interests of others holding valid claims against Barnes Banking Company, on whose behalf FDIC-Receiver is empowered to act."[1]

On October 29, 2012, the state court granted the FDIC-Receiver's Motion to Intervene.[2] On the following day, the FDIC-Receiver removed the case to this Court.[3]

## II.  DISCUSSION

Plaintiffs allege that this Court does not have subject matter jurisdiction over this matter and therefore must remand the case back to state court. Although there is no diversity

---

[1] Docket No. 2-16, at 1-2.

[2] Docket No. 2-35, at 2.

[3] Docket No. 2.

jurisdiction in this case and the dispute arises under state law, under the Financial Institution Reform, Recovery and Enforcement Act (the "Act"), "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, *is a party* shall be deemed to arise under the laws of the United States."[4]  Furthermore, under the Act, "the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a state court to the appropriate United States district court before the end of the 90-day period beginning on the date . . . the [FDIC] is substituted as a party."[5]

Plaintiffs argue that the provisions of the Act granting this Court jurisdiction and allowing the FDIC-Receiver to remove the case to this Court do not apply because the FDIC-Receiver is not a party.  Plaintiffs do not ask the Court to reconsider the state court's order granting the FDIC-Receiver's motion to intervene.[6]  Instead, Plaintiffs allege that since the FDIC-Receiver has not yet filed an answer or complaint, the FDIC-Receiver is therefore not a party to the case.  However, Plaintiffs do not cite any legal authority for their premise that an intervenor is not a party until it files an answer or complaint.

Instead, Plaintiffs direct the Court's attention to *Village of Oakwood v. State Bank & Trust Co.*[7]  In *Village of Oakwood*, the FDIC filed a motion to intervene with an Ohio state court, but then removed the case to federal court before the state court ruled on the motion to

---

[4] 12 U.S.C. § 1819(b)(2)(A) (emphasis added).

[5] 12 U.S.C. § 1819(b)(2)(B).

[6] Docket No. 14, at 3.

[7] 481 F.3d 364 (6th Cir. 2007).

intervene.[8] The federal court then granted the motion to intervene.[9] The Sixth Circuit overturned the district court, holding that the district court was "putting the intervention cart before the jurisdiction horse" because the state court had not granted the motion to intervene.[10] The mere fact that the FDIC had filed a motion to intervene was not sufficient to create jurisdiction for the federal court to grant the motion to intervene and proceed with the case.[11]

*Village of Oakwood* is not applicable here, where the state court granted the FDIC-Receiver's motion to intervene as a Plaintiff. Once the FDIC-Receiver was allowed to intervene, it became a party to this action, and this Court gained jurisdiction pursuant to 12 U.S.C. § 1819(b)(2)(A). Therefore, this case's subsequent removal pursuant to 12 U.S.C. § 1819(b)(2)(B) was proper.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Remand (Docket No. 7) is DENIED.

DATED   January 15, 2013.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge

---

[8] *Id.* at 366.

[9] *Id.*

[10] *Id.* at 368-69.

[11] *See id.* at 369 n.3.