IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| J. CANUTE BARNES, W. KING BARNES, and ROBERT V. JONES, derivatively on behalf of all similarly situated shareholders of BARNES BANCORPORATION,<br><br>        Plaintiffs,<br><br><br><br>                vs.<br><br><br><br>CURTIS H. HARRIS, NED H. GILES, DAVID N. BARNES, ROBERT L. THURGOOD, JERRY W. STEVENSON, MICHAEL D. PAVICH, GARY M. WRIGHT, DOUGLAS STANGER, and BARNES BANCORPORATION, a nominal defendant,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO STAY<br><br><br><br><br><br>Case No. 2:12-CV-1010 TS |

This matter is before the Court on Intervener Federal Deposit Insurance Company's

("FDIC") Motion to Stay Discovery Pending Resolution of Dispositive Motions and Defendants

Curtis H. Harris, Ned H . Giles, David N. Barnes, Robert L. Thurgood, Jerry W. Stevenson,

Michael D. Pavich, Gary M. Wright, and Douglas Stanger's (hereinafter "Individual

Defendants") Motion to Stay and Joinder in the Intervener FDIC-Receiver's Motion to Stay

Discovery Pending Resolution of Dispositive Motions.  For the reasons discussed below, the

Court will grant both Motions.

## I.  BACKGROUND

Plaintiffs brought this action as a shareholder derivative suit against certain officers and

members of the board of directors of Barnes Bancorporation, a registered bank holding company

whose primary asset is its subsidiary, Barnes Banking Company ("the Bank").  On January, 15,

2010, the Bank was closed by the Utah Department of Financial Institutions and the Federal

Deposit Insurance Corporation was appointed as receiver ("FDIC-Receiver") for the Bank.

Plaintiffs originally filed their complaint on January 12, 2012, in Utah state court.  On

April 3, 2012, the FDIC filed a motion to intervene as a Plaintiff, and the state court stayed

discovery in this case while it considered the motion.  On October 29, 2012, the state court

granted the FDIC's motion to intervene, and on October 30, 2012, the FDIC removed the case to

this Court.

On November 6, 2012, Plaintiffs filed a motion to remand, which this Court denied on

January 15, 2013.  Soon thereafter, on January 25, Plaintiffs filed a motion to dismiss the FDIC.

At this point, although it had been over a year since the filing of the initial Complaint, the parties

had not yet conducted significant discovery.  On February 6, 2013, Plaintiffs filed a report on

their Rule 26(f) attorneys' conference and an accompanying schedule with proposed discovery

deadlines.  However, Plaintiffs acknowledged that neither Defendants' counsel nor Intervener's

counsel agreed to the proposed schedule.[1]  Indeed, Defendants' counsel did not attend the

---

[1]Docket No. 26, at 2.

meeting, as they had previously objected to holding a scheduling conference until the potentially

dispositive motion to dismiss had been decided.[2]  On February 22, Defendants filed a motion for

judgment on the pleadings, and on February 25 the FDIC filed its motion to dismiss.  All three

potentially dispositive motions are set for oral argument on May 14.

## II.  DISCUSSION

Individual Defendants and the FDIC argue that discovery should be stayed in this case

until the three outstanding dispositive motions have been resolved.  They argue that Plaintiffs are

requesting extensive amounts of discovery, that the requested discovery will be expensive to

produce, and that the parties will need the Court's assistance in resolving numerous disputes that

will arise out of Plaintiff's pending discovery requests.  As much or all of this discovery may

become unnecessary when the Court makes its decision on the pending dispositive motions,

Individual Defendants and the FDIC argue that it is in the best interest of the parties and the

Court to stay discovery.

Plaintiffs do not object to a temporary stay on discovery.  However, in their memorandum

in opposition, Plaintiffs request that the Court order that written responses to pending discovery

requests be provided within fourteen days of the Court's order on the pending dispositive

motions, and that documents be produced within twenty-eight days of that order.  Additionally,

Plaintiffs request that the Court find that the Individual Defendants have waived all objections to

the pending discovery.

---

[2]Docket No. 27, at 2.

As Plaintiffs do not object, and as discovery in this case could prove time consuming and expensive for both the parties and the Court, the Court will grant the Motions to Stay.  The Court does not find it appropriate to set discovery deadlines or rule on other discovery issues at this time.

## III.  CONCLUSION

It is therefore

ORDERED that Intervener FDIC's Motion to Stay Discovery Pending Resolution of Dispositive Motions (Docket No. 33) is GRANTED.  It is further

ORDERED that Individual Defendants' Motion to Stay and Joinder in the Intervener FDIC-Receiver's Motion to Stay Discovery Pending Resolution of Dispositive Motions (Docket No. 34) is GRANTED.  Discovery in this matter is hereby stayed pending resolution of the dispositive motions currently before the Court.

DATED   April 18, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge